UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES BOURGEOIS CONTRACTOR, INC. — CIVIL ACTION

VERSUS

JOSEPH ANDERSON, ET AL. — NO. 25-00472-BAJ-SDJ

# RULING AND ORDER

Before the Court is Intervenor Attorney General Liz Murrill's **Motion To Dismiss For Failure To State A Claim (Doc. 45)**. Plaintiff opposes the Motion. (Doc. 50). Intervenor did not file a Reply.

For the reasons that follow, Intervenor's **Motion to Dismiss For Failure To State A Claim (Doc. 45)** is **GRANTED**.

## I. BACKGROUND

This case arises from an investigation into Plaintiff James Bourgeois Contractor, Inc., for allegedly failing to provide contract-related records within 72 hours of a demand by the Louisiana State Licensing Board for Contractors ("LSLBC"), in violation of LSLBC's administrative code. Intervenor seeks to dismiss Plaintiff's claim that the rule in question is unconstitutionally vague. The Court accepts the following facts from Plaintiff's Amended Complaint (Doc. 47) as true for purposes of resolving Intervenor's Motion (Doc. 45).

In February 2024, unlicensed contractor Shane Guidry executed a contract to

construct a camp in Golden Meadow, Louisiana.[1] (Doc. 47 ¶ 5). Guidry applied for a permit using Plaintiff's residential construction license without Plaintiff's consent or authorization.[2] (*Id.*). Guidry then began construction of the camp. (*Id.*). The camp owners requested that Guidry engage Plaintiff as an independent contractor to manage the construction site. (*Id.* ¶ 6). Plaintiff withdrew from the project shortly after signing its contract due to a family emergency, and it was never paid by the camp owners or by Guidry. (*Id.*).

After the camp owners discovered issues with the construction work, LSLBC initiated an investigation into the site in September 2024. (*Id.* ¶¶ 5, 7). On September 27, 2024, Defendant Laurie LaRose, an investigator for LSLBC, emailed Plaintiff requesting documentation and other information about the status of work on the camp (presumably because the permit was in Plaintiff's name). (*Id.* ¶ 7). Plaintiff avers that it never received this email. (*Id.*). On October 4, 2024, LaRose sent Plaintiff a letter via certified mail with the same request for information and documentation. (*Id.*). Plaintiff avers that it did not receive the letter. (*Id.*). The letter

---

[1] In Louisiana, a "camp" refers to a secondary house used for personal recreational activities such as hunting, fishing, and swimming. These structures are often referred to as "vacation houses" or "cabins" in other regions of the United States. This is confirmed by Defendants' pleading, which refers to the construction as a "residential home." (Doc. 55-1 at 3).

Plaintiff filed its Motion for Leave to File Supplemental and Amending Complaint, along with the Amended Complaint, into the record on August 18, 2025. (Doc. 41). Intervenor filed her Motion on August 29, 2025. (Doc. 45). The Court granted Plaintiff's Motion on September 9, 2025. (Doc. 47). Though Plaintiff's Amended Complaint was officially entered into the record after Intervenor filed her Motion to Dismiss, it is clear throughout Intervenor Motion that she is moving to dismiss the claims in Plaintiff's Amended Complaint. *See, e.g.*, Doc. 45-1 at 6 (describing how the Amended Complaint differs from the original Complaint).

[2] It appears that Guidry and Plaintiff knew one another prior to the camp's construction, but the Amended Complaint does not state how.

was returned to LSLBC on November 15, 2024. (*Id.*).

On October 24, 2024, LaRose successfully served a subpoena on Plaintiff, demanding documentation and information about the camp within 72 hours, pursuant to Section 129(A) of the LSLBC Administrative Code ("Rule 129(A)"). (*Id.* ¶ 8). On October 26, 2024, within 48 hours of receiving the Notice, Plaintiff hand-delivered documents to LSLBC. (*Id.*). On December 2, 2024, Defendant Joseph Anderson, another investigator for LSLBC, met with Plaintiff, who provided him additional documents. (*Id.*). It appears that Plaintiff provided Anderson more documents on or around December 10, 2024, but Anderson stated that these documents were "still not enough." (*Id.*).

On March 25, 2025, LaRose successfully served upon Plaintiff a "Notice of Violation and Hearing" (the "notice"), notifying Plaintiff that LSLBC "has reasonable grounds to believe that [Plaintiff] has violated . . . [Rule] 129(A) of [the LSLBC administrative code]: Contractors must maintain adequate records and provide such to the Board within 72 hours upon request." (*Id.* ¶ 9). The notice was signed by Defendant Shannon Sagona. (*Id.*). The notice did not provide factual assertions to support LSLBC's contention that Plaintiff violated the Section. (*Id.*). In other words, the notice did not explain which required documents Plaintiff had failed to produce to LSLBC in October 2024.

On the same date, Anderson also issued a Summary Suspension Order (the "order") suspending Plaintiff's residential and commercial contractor's licenses pursuant to Louisiana Revised Statutes § 37:2158(6) for "[w]illful failure to comply

with" Rule 129(A). (*Id.* ¶ 10). Like the notice, the order did not explain which documents Plaintiff had to provide LSLBC in October 2024 to comply with Rule 129(A). (*Id.*). The order also suspended Plaintiff's licenses pursuant to Louisiana Revised Statutes § 49:977.3. (*Id.*). While Louisiana Revised Statutes § 49:977.3 typically requires the State to hold a hearing prior to suspending a license, subsection (C) allows the State to suspend prior to holding a hearing when "public health, safety, or welfare imperatively requires emergency action." La. Rev. Stat. § 49:977.3. A hearing was eventually set for Plaintiff to appear before Defendants, but it is unclear whether the hearing was ever held and what resulted from it.[3] (*Id.* ¶ 11).

In September 2025, Plaintiff filed its Amended Complaint against Anderson, LaRose, and Sagona, alongside three additional employees, officers, executives, and board members of LSLBC, and the Governor of the State of Louisiana. (Doc. 47). Plaintiff contends that (1) Defendants' actions violate its Due Process rights under the federal and state Constitutions and that (2) the Louisiana state law that it allegedly violated—Rule 129(A) of the LSLBC administrative code and Louisiana Revised Statutes § 37:2158(A)(11)—are unconstitutionally vague. (*Id.* ¶¶ 24–29). Intervenor entered the action "for the limited purpose of defending the

[3] Defendants' Motion to Dismiss (Doc. 55) states that the notice set a hearing set for April 17, 2025; that Plaintiff requested to continue the April 17, 2025 hearing, which was continued to June; and that Plaintiff requested to continue the June 2025 hearing, which was continued to November 2025. (Doc. 55-1 at 17). It is unclear whether the hearing was ever held and what resulted from it.

constitutionality of a state statute."[4] (Doc. 20). Intervenor then filed the instant Motion to Dismiss Plaintiff's unconstitutional vagueness claim.[5]

## II. LEGAL STANDARD

### A. Motion to Dismiss.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft,* 556 U.S. at 679.

"[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, the complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action"

---

[4] While Intervenor only mentions intervening to defend a state statute, Federal Rule of Civil Procedure 24 also allows a government officer to intervene to defend regulations issued under state statutes. Fed. R. Civ. P. 24.

[5] The Court will address the issue of due process, which was briefed by Defendants' Motion to Dismiss (Doc. 55), in a later Ruling.

is required. *Twombly*, 550 U.S. at 555. When conducting its inquiry, the Court "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

**B. Unconstitutional Vagueness.**

A law is unconstitutionally vague in violation of the Fourteenth Amendment if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Branson*, 139 F.4th 475, 478 (5th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 561 (Jan. 20, 2026) (cleaned up). "The doctrine incorporates notions of fair notice or warning." *Smith v. Goguen*, 415 U.S. 566, 572 (1974). The law can either be challenged as-applied or facially. In an as-applied challenge, the plaintiff must show that "the statute is vague *in his case*[.]" *Branson*, 139 F.4th at 478. (emphasis in original). In other words, the statute must be examined in "light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). A facial challenge, in contrast, "may only be sustained 'if the enactment is impermissibly vague in *all* of its applications.'" *McClelland v. Katy Indep. Sch. Dist.*, 63 F.4th 996, 1013 (5th Cir. 2023) (quoting *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 (1982)) (emphasis added). However, the Supreme Court has instructed that "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Mazurie*, 419 U.S. at 550;

*accord United States v. Landrum*, 168 F.4th 771, 773 (5th Cir. 2026); *Branson*, 139 F.4th at 478; *United States v. Edwards*, 182 F.3d 333, 335 (5th Cir. 1999).

The Supreme Court has expressed that courts "do not apply the vagueness standard mechanically; a variety of factors may affect the determination whether a statute passes constitutional muster. The nature of the enactment, for instance, is a significant factor. Economic regulations in particular, including licensing or registration requirements, are afforded considerable deference in the vagueness analysis because the regulated party may 'have the ability to clarify the meaning of the regulation[s] by its own inquiry, or by resort to an administrative process.'" *United States v. Clinical Leasing Serv., Inc.*, 925 F.2d 120, 122 (5th Cir. 1991) (quoting *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)). An "'economic regulation is subject to a less strict vagueness test.' An economic regulation is invalidated 'only if it commands compliance in terms so vague and indefinite as really to be no rule or standard at all . . . or if it is substantially incomprehensible.'" *Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493, 507 (5th Cir. 2001) (quoting *Clinical Leasing Service, Inc.*, 925 F.2d at 122 n.2). However, "there is a caveat to this general rule. Civil statutes or regulations that contain quasi-criminal penalties may be subject to the more stringent review afforded criminal statutes." *Id.* at 508. Regulations which "carry potentially significant civil and administrative penalties, including fines and license revocation[,]" "can be characterized as quasi-criminal." *Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 422 (5th Cir. 2001). A quasi-criminal statute, like a criminal statute,

must define its terms "with sufficient definiteness [so] that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Women's Med. Ctr. of Nw. Houston*, 248 F.3d at 422.

Finally, courts have been instructed that "perfect clarity and precise guidance have never been required" of laws. *Holder v. Humanitarian L. Project*, 561 U.S. 1, 19 (2010). This is because individuals are "[c]ondemned to the use of words, [and] can never expect mathematical certainty in our language." *Grayned v. City of Rockford*, 408 U.S. 104, 110 (1972). "A statute is not unconstitutionally vague merely because a company or an individual can raise uncertainty about its application to the facts of their case. A statute is unconstitutionally vague only where no standard of conduct is outlined at all; when no core of prohibited activity is defined." *Ford Motor Co.*, 264 F.3d at 509.

## III. DISCUSSION

Plaintiff challenges Rule 129(A) of the LSLBC Administrative Code and Louisiana Revised Statutes § 37:2158(A)(11) as unconstitutionally vague.

Rule 129(A) states:

> It shall be the responsibility of each person licensed or registered by [LSLBC] to maintain current records for five years *showing compliance with contractor licensing laws and rules and regulations* for all contracts, subcontracts and subcontractors performing work or providing services on a construction project. Upon request by the board or any employee of the board, such records shall be made available for review and/or copies provided to the board employee in

> person or by electronic means.[6] La. Admin. Code tit. 46, pt. XXIX, § 129(A) (emphasis added).

Louisiana Revised Statutes § 37:2158(A)(11) states:

> [LSLBC] may revoke, suspend, or refuse to renew a license; issue cease and desist orders to stop work; issue fines and penalties; or debar any person licensed pursuant to the provisions of this Chapter for . . . *[p]roblems relating to the ability of the contractor,* its qualifying party, or any of its principal owners or principal shareholders *to engage in the business of contracting, as demonstrated by their contracting business history or experience.* La. Rev. Stat. § 37:2158(A)(11) (emphasis added).

### A. Parties' Arguments.

Plaintiff's Complaint alleges that Rule 129(A) and Louisiana Revised Statutes § 37:2158(A)(11) are unconstitutionally void for vagueness. Plaintiff claims that Rule 129(A) is unconstitutionally vague because "[n]either Rule 129, nor any law, nor any other rule or regulation list, describe or define what records are required or sufficient to show compliance." (Doc. 47 ¶ 27). Plaintiff claims that Louisiana Revised Statutes § 37:2158(A)(11) is unconstitutionally vague because "[n]o other provisions of the laws define, list or describe what constitutes 'problems' for purposes of informing an individual what is required by the law to comply." (*Id.* ¶ 28).

Intervenor's Motion to Dismiss argues that both laws provide regulated entities with sufficient notice of their obligations, provide a reasonably clear standard for enforcement, and do not invite arbitrary or discriminatory application. (Doc. 45-1

[6] The language of Rule 129(A) has changed since the Complaint was filed. However, courts apply the version of laws and regulations that were in place during the alleged offense (in this case, the suspension of Plaintiff's licenses).

at 5–6). Specifically, Rule 129(A) specifies which type of records are required: "five years" of records "showing compliance with contractor licensing laws and rules" and related to "contracts, subcontracts and subcontractors." (*Id.* at 5); La. Admin. Code tit. 46, pt. XXIX, § 129(A). According to Intervenor, "Rule 129(A) is clearly meant to require contractors to keep up-to-date records that demonstrate all parties involved in projects possessed the appropriate qualifications and operated in full compliance with contracts, regulations, and applicable laws." (*Id.* at 7–8). Furthermore, Intervenor argues, Plaintiff "demonstrate[d] an understanding of the regulatory expectations" when it delivered "all documents in [its] care, custody and possession to the office of LSBLC[,]" and the exchange between Plaintiff LSBLC "shows not that the rule is unintelligible, but rather that Plaintiff's disagreement lies in whether [its] response was factually sufficient." (*Id.* at 8; Doc. 47 ¶ 8).

Additionally, Intervenor argues that Plaintiff could have relied on administrative support interpretive resources, including the Rules and Regulations section of the LSLBC's website, for compliance assistance. (Doc. 45-1 at 9). Finally, Intervenor argues that other parts of the Louisiana Administrative Code offer further interpretive assistance as to the types of documents are sufficient to show compliance. (*Id.* at 10). For example, other state Rules require contractors to complete six hours of continuing education and retain documentation of such training for five years, and such documents would show compliance with state contractor licensing laws and rules. La. Admin. Code tit. 46, pt. XXIX, § 505. Therefore, Intervenor asserts, Plaintiff has failed to allege that Rule 129(A) is facially invalid, and its Complaint must

instead be evaluated, if at all, as an as-applied challenge. (*Id.*).

Similarly, Intervenor argues, Section 37:2158(A)(11) states that 'problems' relating to the ability of the contractor confines its scope to business competency, which may be "demonstrated by . . . contracting business history or experience." (*Id.* at 11); La. Rev. Stat. § 37:2158(A)(11). According to Intervenor, this language is sufficient to provide notice to regulated entities of their obligations. (Doc. 45-1 at 11). Furthermore, Intervenor argues that Plaintiff has failed to provide factual details to support a facial challenge to La. Rev. Stat. § 37:2158(A)(11), and the Court must review the challenge to the statute as-applied.

Plaintiff, in its Opposition, argues that it has met its Rule 8(a) burden to sufficiently allege facts in its Complaint that would plausibly entitle it to relief. Plaintiff also asserts that the state laws should be evaluated facially and as-applied.

**B. Appropriate Standards To Apply.**

As a preliminary issue, Plaintiff does not argue that the laws impinge on or involve its First Amendment rights. Accordingly, the Court construes Plaintiff's Complaint as an as-applied challenge to the laws rather than a facial challenge to the laws. ("It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Mazurie*, 419 U.S. at 550.)

As an additional preliminary issue, the Court finds that the quasi-criminal vagueness standard applies to the laws. Indeed, the Parties agree that the quasi-criminal standard governs La. Rev. Stat. § 37:2158(A)(11). (Doc. 45-1 at 11; Doc. 50).

The standard also applies to Rule 129(A) because, as is evinced in this instance, a potential consequence of failing to abide by Rule 129(A) includes the revocation of a license. *Women's Med. Ctr. of Nw. Houston*, 248 F.3d at 422 (Regulations which "carry potentially significant civil and administrative penalties, including fines and license revocation[,]" "can be characterized as quasi-criminal.") Under the quasi-criminal standard, to survive the Motion to Dismiss, Plaintiff must have sufficiently pleaded that the law fails to define its terms "with sufficient definiteness [so] that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Women's Med. Ctr. of Nw. Houston*, 248 F.3d at 422. Finally, courts may dismiss unconstitutional vagueness challenges on motions to dismiss. *See, e.g.*, *Bodin v. City of New Orleans*, 804 F. Supp. 3d 669, 692 (E.D. La. 2025) (granting motion to dismiss as to unconstitutional vagueness claim).

**C. Analysis.**

The Court now turns to whether the state laws are unconstitutionally vague, beginning with Rule 129(A).[7] As noted, Plaintiff challenges the Rule because, in the eyes of Plaintiff, it does not specify which documents Louisiana regulated entities are

---

[7] Plaintiff challenges the state laws as unconstitutionally vague under both the federal and state constitutions. The Due Process Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. The Louisiana Constitution similarly provides that "[n]o person shall be deprived of life, liberty, or property, except by due process of law." La Const. art. 1, § 2. "[The] due process guarantee in La. Const. Art. I, § 2 does not vary from the Due Process Clause of the Fourteenth Amendment." *Newell-Davis v. Phillips*, No. 22-30166, 2023 WL 1880000, at *6 (5th Cir. Feb. 10, 2023) (citing *Progressive Sec. Ins. Co. v. Foster*, 711 So.2d 675, 688 (La. 1998)). Therefore, the Court's analysis applies to both constitutions.

required to present to LSLBC. The Court finds that Plaintiff's as-applied challenge to the law fails. While the Rule does not enumerate a specific list of required documents regulated entities are required to present, it does clearly instruct regulated entities that they must provide documents from the past "five years" that "show[] compliance with contractor licensing laws and rules and regulations for all contracts, subcontracts and subcontractors performing work or providing services on a construction project." La. Admin. Code tit. 46, pt. XXIX, § 129(A).

A federal district court in Texas recently granted a motion to dismiss a complaint which challenged a state law as unconstitutionally vague. *Valadez v. Paxton*, No. 1-21-CV-519-RP, 2022 WL 22895564 (W.D. Tex. Mar. 31, 2022). The Texas state law deemed it a nuisance for individuals to "employ[] or enter[] into a contract for the performance of work or the provision of a service with an individual younger than 21 years of age for work or services performed at a sexually oriented business." *Id.* at *1. Plaintiffs there argued that the law failed to specify "what work or services may or may not be provided by an individual younger than 21 years of age" and "base[d] their vagueness challenge the new statute's failure to 'explain what forms of employment or work are permissible[.]'" *Id.* at *9 (cleaned up). The court determined that "the commonly understood language in the statute indicates that the law applies to all employment relationships between 18-to-20-year-olds and [sexually oriented businesses][,]" and therefore granted the motion to dismiss. *Id.*

Here, Plaintiff argues that Rule 129(A) is unconstitutional because it fails to list which specific documents are permissible or required to comply with the law. The

Court here finds that the language in Rule 129(A) is understood to apply to all documents showing compliance with contracting laws. While the Rule may be broad, it is not vague. The Rule puts a person of ordinary intelligence on fair notice that contractors should retain documents required by health and safety, environmental, and employment-related laws, for example. Plaintiff had a variety of resources at its disposal on LSLBC's website and the Louisiana Administrative Code to investigate the documents LSLBC might ask it to produce. Although Plaintiff is unhappy with the LSLBC's conclusion that it failed to abide by the Rule, "[a] statute is not unconstitutionally vague merely because a company or an individual can raise uncertainty about its application to the facts of their case." *Ford Motor Co.*, 264 F.3d at 493. Accordingly, Plaintiff has failed to plead that Rule 129(A) is unconstitutionally vague, and the Court will dismiss its vagueness challenge.

The Court next turns to whether Section 37:2158(A)(11) is unconstitutionally vague. As noted, Section 37:2158(A)(11) allows LSLBC to revoke a contracting license for "[p]roblems relating to the ability of the contractor . . . to engage in the business of contracting, as demonstrated by their contracting business history or experience." La. Rev. Stat. § 37:2158(A)(11).

Plaintiff argues that the statute is vague because it does not define 'problems.' The Court finds that Plaintiff's as-applied challenge to the law fails. As noted, "[a]s a threshold matter, [Plaintiff] must show that the statute is vague *in [its] case*." *Branson*, 139 F.4th at 478 (emphasis in original). Rule 129(A) required Plaintiff to produce documents to LSLBC showing compliance with contracting laws. Plaintiff

did not do so sufficiently. Plaintiff's alleged failure to comply with a legally-binding administrative rule certainly constitutes a "problem" relating to the ability of Plaintiff to "engage in the business of contracting," "as demonstrated by [its] contracting business history[.]" The statute undoubtedly should have put a person of ordinary intelligence on fair notice that failure to abide by a contracting-specific administrative rule would potentially result in the revocation of contracting licenses. Accordingly, the Court finds that Plaintiff has not sufficiently pleaded that La. Rev. Stat. § 37:2158(A)(11) is facially unconstitutionally vague.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Intervenor's **Motion (Doc. 45)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's vagueness challenges to La. Admin. Code tit. 46, pt. XXIX, § 129(A) and La. Rev. Stat. § 37:2158(A)(11) are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 30th day of September, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**